**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRTICT OF TENNESSEE**
**EASTERN DIVISION**

---

BRANDON ALLEN, CHERI BAKER,
JUSTIN BRYANRT, JENNY DUKE,
CRYSTAL ERVIN, LAUREN HAMPTON,
JACKIE KELLEY, PEARLIE LONG,
MARTHA LOWRANCE, CODY NAYLOR,
PATRICK PERRY, TONI PIERCE,
CATHIE SPRAYBERRY,
MARTHA JANE VICKERS
and ALISHA YOUNG,

       Plaintiffs,

vs.                                                              No.
                                            JURY DEMANDED

HARDEMAN COUNTY, TENNESSEE,
GOVERNMENT and JIMMY SAIN, Individually
and IN HIS CAPACITY AS MAYOR OF
HARDEMAN COUNTY, TENNESSEE.

       Defendants.

---

## COMPLAINT

---

COMES NOW Plaintiffs by and through their attorneys, William C. Sessions and Frances

Hildebrand Sessions, and the Sessions Law Firm, PLLC, and file this Complaint and allege the

following:

## INTRODUCTORY STATEMENT

Plaintiff Patrick Perry is an African American male citizen of the United States. Perry is a

Plaintiff in case number 1:19-cv-01106, wherein he filed suit against his employer, Hardeman

County Government, on May 29, 2019, for failure to pay overtime in violation of the Fair Labor

Standards Act ("FLSA") (29 U.S.C. §§ 201-219, C.F.R. § 531.35). On February 13, 2020, in that

case, Plaintiff Perry filed a Motion to Modify the Rule 16(b) Scheduling Order and Motion for Leave to File a Second Amended Complaint. As a basis for seeking leave to amend the Complaint, Plaintiff Perry asserted that certain individuals, namely the Mayor of Hardeman County had taken action in retaliation for Plaintiff's having filed the original FLSA Complaint. The Court denied the Motion to Amend and since that time, the Mayor of Hardeman County has continued to take action against Plaintiff and other Plaintiffs in that lawsuit (*Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106). Upon information and belief, Plaintiff is of the opinion that the Mayor of Hardeman County is now taking further actions and is continuing in his retaliatory conduct as to Plaintiff Perry and others. As a result, Plaintiff Perry is forced to spend additional money to file a separate lawsuit to protect his rights under the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. §215.

In addition to Plaintiff Perry, Mayor Sain, has retaliated against the dispatchers who are also Plaintiffs in case number 1:19-cv-01106. Among other things, on May 27, 2021, Sheriff John Doolen advised the dispatchers (who are included in his budget, whom he supervises and maintains the authority to hire/fire and determine wages) that they would be receiving a pay raise to bring their pay up to that of the correctional officers. Upon hearing this, Mayor Sain told Sheriff John Doolen that he would not approve the raises, and further, that on June 30, 2021, the dispatchers would no longer be under the Sheriff's control. Mayor Sain stated that all dispatchers would be terminated from employment with Hardeman County Government on June 30, 2021. This action by Mayor Sain is being done in further retaliation for the dispatchers being party Plaintiffs in lawsuit 1:19-cv-01106.

Brandon Allen, Cheri Baker, Justin Bryant, Jenny Duke, Crystal Ervin, Lauren Hampton, Jackie Kelley, Pearlie Long, Martha Lowrance, Cody Naylor, Patrick D. Perry, Toni Pierce,

Cathie Sprayberry, Martha Jane Vickers and Alisha Young (collectively "Plaintiffs") bring this action and file this Complaint against Defendants, Hardeman County, Tennessee, Government and Jimmy Sain, Individually and in his official capacity as Mayor of Hardeman, County, Tennessee, (hereinafter "Defendants") and state as follows:

1.     This action is brought by Plaintiffs for purposes of obtaining relief under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq., and Tennessee law to recover from Defendants for unpaid overtime compensation, unpaid back wages, interest thereon, liquidated damages, costs of suit, attorneys' fees, declaratory and/or injunctive relief, due to retaliation for having filed lawsuit *Perry et. al. v. Hardeman County Government, et. al.*, case number 1:19-cv-01106 and/or any such other relief the Court may deem appropriate.

2.     Defendants have willfully violated the FLSA by intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA and its implementing regulations over the course of the last three years. This action arises from Defendants' failure to include all statutorily required forms of compensation in the "regular rate" used to calculate Plaintiffs' overtime compensation and failure to pay the Plaintiffs all compensation for work performed which is legally owed to them under the FLSA, Tennessee law, and the terms and conditions of their employment.

3.     Defendant Hardeman County Government and Mayor Sain have willfully violated the FLSA by willfully and intentionally conducting a pattern of retaliation as to these employees who are plaintiffs in lawsuit case number 1:19-cv-01106 ("the lawsuit") since the filing of that lawsuit.

## PARTIES

4.     The Plaintiffs are current or former Hardeman County Sheriff deputies and

dispatchers.

5.      Plaintiff, Brandon Allen, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Allen was a deputy sheriff for Hardeman County Sheriff's Office.

6.      Plaintiff, Cheri Baker, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Baker was a dispatcher for Hardeman County Sheriff's Office.

7.      Plaintiff, Justin Bryant, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Bryant was a deputy sheriff for Hardeman County Sheriff's Office.

8.      Plaintiff, Jenny Duke, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Duke was a dispatcher for Hardeman County Sheriff's Office,

9.      Plaintiff, Crystal Ervin, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Ervin was a dispatcher for Hardeman County Sheriff's Office.

10.      Plaintiff, Lauren Hampton, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Hampton was a dispatcher for Hardeman County Sheriff's Office.

11.      Plaintiff, Jackie Kelley, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Kelley was a dispatcher for Hardeman County Sheriff's Office.

12.      Plaintiff, Pearlie Long, is an adult resident of Hardeman County, Tennessee.

During the applicable statutory period, Plaintiff Long was a dispatcher for Hardeman County Sheriff's Office.

13.     Plaintiff, Martha Lowrance, is an adult resident of McNairy County, Tennessee. During the applicable statutory period, Plaintiff Lowrance was a dispatcher for Hardeman County Sheriff's Office.

14.     Plaintiff, Cody Naylor, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Naylor was a deputy sheriff for Hardeman County Sheriff's Office.

15.     Plaintiff, Patrick D. Perry, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Perry was a deputy sheriff for Hardeman County Sheriff's Office.

16.     Plaintiff, Toni Pierce, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Pierce was a dispatcher for Hardeman County Sheriff's Office.

17.     Plaintiff, Cathy Sprayberry, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Sprayberry was a dispatcher for Hardeman County Sheriff's Office.

18.     Plaintiff, Martha Jane Vickers, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Vickers was a dispatcher for Hardeman County Sheriff's Office.

19.     Plaintiff, Alisha Young, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Young was a dispatcher for Hardeman County Sheriff's Office.

20.     Defendant, Hardeman County Government ("Hardeman County Government"), is a political subdivision organized and existing under the laws of the State of Tennessee. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

21.     Defendant, Jimmy Sain, ("Sain") is an adult resident of Hardeman County, Tennessee, who is being sued Individually and in his Capacity as Mayor of Hardeman County, Tennessee. During the applicable statutory period, Defendant Sain was the mayor of Hardeman County and can be served at 100 North Main Street, Bolivar, Tennessee, 38008.

22.     Each of the Defendants is a joint employer of the Plaintiffs for the time period in which each defendant was either an employer or acted in the interest of an employer. Each defendant is jointly and severally liable for any damages owing to the Plaintiffs, including back pay, liquidated damages and attorneys' fees.

## JURISDICTION AND VENUE

23.     This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, to recover from Defendants unpaid regular and overtime compensation and any other compensation for work performed for Defendants for which they have not been compensated, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This Court has jurisdiction over this action pursuant to the FLSA, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. §§ 207, 216(b).

24.     This Court has personal jurisdiction as to Plaintiffs, who are residents of Hardeman County, and McNairy County, Tennessee.

25.     This Court has personal jurisdiction as to Defendants, who do business in the State of Tennessee and reside in the State of Tennessee, pursuant to the facts and circumstances

set forth hereinbelow.

26.     This Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

27.     Venue is proper in this Court as Defendants may be found in this judicial district as they do business in this district, and the facts and circumstances which give rise to the causes of action contained in this Complaint occurred in Hardeman County and this judicial district.

28.     This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and for compensation and other relief under the FLSA, 29 U.S.C. § 201, *et. seq.*,

29.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## STATEMENT OF FACTS

30.     Plaintiffs are current or former employees of Hardeman County Government and throughout their employment with Hardeman County Government, were covered, non-exempt, employees under the FLSA.

31.     Plaintiffs are, or were, employed by Defendant Hardeman County Government within the last three (3) years as non-exempt sheriff deputies or dispatchers. Even though they each are or were under the direction and control of the Hardeman County Sheriff's Office, they are/were employees of Hardeman County Government.

32.     Each Plaintiff's pay check, though not correctly paid, is currently and was paid by Defendant Hardeman County Government or Mayor Jimmy Sain from either a Hardeman County bank account or the Mayors' office bank account.

33.     At time of employment, plaintiffs were provided with the Hardeman County

Sheriff's Office Personnel Policies, revised October 18, 2011.

34.     At all times relevant hereto, each Plaintiff was hired by the Hardeman County Sheriff's Office and was told that he/she was being hired at an hourly rate, as an hourly employee.

35.     The Sheriff's Office Personnel Policy sets forth that the pay period for Plaintiffs is a seven (7) day work week.

36.     Defendant Hardeman County Government did not keep appropriate records memorializing all dates and hours worked by the Plaintiff employees, nor did Defendants keep appropriate and accurate records for Plaintiffs' accrued compensatory time or personal time including sick, vacation and/or holiday time.

37.     Hardeman County Sheriff's Department determined the work schedules for the Plaintiffs, directed their actions and activities, had exclusive authority to hire and fire, determined their rate of pay and kept the individual time records for hours worked by each employee.

38.     Plaintiffs submitted their bi-weekly time report sheets to Hardeman County Sheriff's Department every two weeks.

39.     Hardeman County Sheriff's Department reviewed and signed Plaintiffs' bi-weekly time reports, then submitted the time reports to Defendant Mayor Sain's office.

40.     All requests for Plaintiffs' pay, expense reimbursement or to attend professional seminars or classes, even if a budgeted item in the Sheriffs' budget, were required to be submitted to Defendant Mayor's office for approval and payment.

41.     All monies expended for the Plaintiffs pay and expense reimbursements must be approved by Defendant Mayor Sain before the Plaintiffs are paid for their work performed on

behalf of Hardeman County Government.

42.     At all times relevant hereto, Plaintiffs were paid every two weeks with funds deposited by Defendant Hardeman County Government into their respective bank accounts by "direct deposit." and provided with a direct deposit pay slip from Hardeman County Government.

43.     The direct deposit pay slips provided to Plaintiffs by Defendant Hardeman County Government did not (and currently do not) show the hourly rate being paid to the employees for their regular pay. When overtime was paid, the overtime rate utilized was/is indicated on the pay slip however, the regular rate of pay was/is not.

44.     The Division of Local Government Audit reports on the Annual Financial Reports of Hardeman County for years 2016, 2017, and 2018 performed by the Tennessee Comptroller of the Treasury found that Hardeman County Government did not follow best practices in performing its duties, stating:

## BEST PRACTICE

Accounting literature describes a best practice as a recommended policy, procedure, or technique that aids management in improving financial performance.  Historically, a best practice has consistently shown superior results over conventional methods.

The Division of Local Government Audit strongly believes that the item noted below is a best practice that should be adopted by the governing body as a means of significantly improving accountability and the quality of services provided to the citizens of Hardeman County.

## HARDEMAN COUNTY SHOULD ADOPT A CENTRAL SYSTEM OF ACCOUNTING, BUDGETING, AND PURCHASING

Hardeman County does not have a central system of accounting, budgeting, and purchasing.  Sound business practices dictate that establishing a central system would significantly improve internal controls over the accounting, budgeting, and purchasing processes.  The

> absence of a central system of accounting, budgeting, and purchasing has been a management decision by the County Commission resulting in decentralization and some duplication of effort. We recommend the adoption of the County Financial Management System of 1981 or a private act, which would provide for a central system of accounting, budgeting, and purchasing covering all county departments.

45. Following the filing of lawsuit case number 1:19-cv-01106, Defendant Jimmy Sain has conducted a pattern of retaliation as to those employees who are plaintiffs in that lawsuit. The actions of Defendant Sain are in retaliation for the plaintiff employees filing and participating in lawsuit case number 1:19-cv-01106.

I.     **ALLEGATIONS AGAINST DEFENDANTS HARDEMAN COUNTY GOVERNMENT and JIMMY SAIN, Individually and IN HIS CAPACITY AS MAYOR OF HARDEMAN COUNTY**

46. At all times relevant hereto, all Plaintiffs were employees of Hardeman County Government, as defined by T.C.A. §5-23-102(2) and as defined under the Federal Fair Labor Standards Act (29 U.S.C. § 201 et. seq.)

47. At all times relevant hereto, Defendants Hardeman County Government and Jimmy Sain, Individually and in his Capacity as Mayor of Hardeman County (herein "the Hardeman County Defendants") were the employers of all Plaintiffs as defined in 29 C.F.R. 791.2.

48. At all times relevant hereto, John Doolen, Sheriff of Hardeman County, was the elected Sheriff of Hardeman County and his salary was paid by Hardeman County Government.

49. At all times relevant hereto, Sheriff John Doolen was required to submit budgetary requests, payroll records, and other information and requests for assistance to Hardeman County Government and Mayor Sain, to obtain funds for the operation of the Sheriff's Department, including deputies, jailers at the jail/workhouse and dispatchers.

50. At all times relevant, Defendants had the duty to adopt base personnel policies for

employees of Hardeman County Government pursuant to T.C.A. §5-23-103.

51.     Pursuant to T.C.A. §5-23-104, these base personnel policies required the following provisions:

> (1) Whether employees are entitled to paid vacation or annual leave, sick leave, or other leave, policies for accrual and use of such leave, policies for compliance with state and federal family and medical leave laws, and provisions for maintaining leave records;
>
> (2) The compensatory time policy in effect for the office or department or a statement that no compensatory time is allowed, a statement of whether the salary received by salaried employees is intended to cover all hours worked up to and including forty (40) hours in a work week in offices or departments where the regular work week is less than forty (40) hours, policies for maintaining compliance with the overtime provisions of the federal wage and hour laws, and provisions for recordkeeping;

Tenn. Code Ann. § 5-23-104 (West)

52.     Tennessee Code Annotated § 5-23-103 provides that the Sheriff of Hardeman County can develop a personnel manual which adopts personnel policies separate from those adopted for other Hardeman County employees and governs the procedure under which any changes to the personnel manual for the Hardeman County Sheriff's Department, including but not limited to provisions relating to salary, leave, compensatory and holiday time, and hours of the work week, can be made.

53.     Pursuant to T.C.A. §8-24-103(a)(1), these Defendants had the duty to make the necessary appropriation and pay to the Sheriff of Hardeman County, Tennessee, the authorized expenses fixed by law for the operation of the Sheriff's office, including the salaries and benefits of the Plaintiffs.

54.     Pursuant to T.C.A. §8-20-120, these Defendants had the duty to fund the operations of the Hardeman County Sheriff's Department and are prohibited from adopting a

budget absent the consent of the Sheriff, which reduces below current levels the salaries and number of employees in the Sheriff's Department.

55.    Pursuant to T.C.A. §8-20-105, these Defendants could not legally reduce the number of deputies or assistants to the Sheriff, and/or reduce the salaries paid to any one (1) or more deputy or assistant to the Sheriff unless and until:

a)    The Defendant Mayor Sain made a Motion to the Circuit Court of Hardeman County, Tennessee, for permission to do so;

b)    The Defendant Mayor Sain provided reasonable notice of the Motion to the Sheriff of Hardeman County;

c)    The Defendant Mayor Sain established through proper proof at a hearing on the Motion that the public good justified such reduction; and

d)    An Order was entered granting the Motion by the Circuit Court of Hardeman County, Tennessee.

56.    Dispatching is a necessary and reasonable support activity that assists modern sheriffs' departments in carrying out all their (Sheriffs) statutory duties. *Jones v. Mankin,* 1989 Tenn. App. LEXIS 325 @*5 (Tenn. Ct. App. May 5, 1989).

57.    At times relevant hereto, Defendants regularly held and/or exercised the authority to control the finances and operations of the Hardeman County Sheriff's Office.

58.    Pursuant to 29 C.F.R. §791.2, these Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to entire employment for all Plaintiffs for each particular workweek.

**II.    SPECIFIC MECHANISMS BY WHICH DFENDANTS HARDEMAN COUNTY GOVERNMENT and JIMMY SAIN, Individually and IN HIS CAPACITY AS MAYOR OF HARDEMAN COUNTY, DENIED PLAINTIFFS THEIR CORRECT PAY IN VIOLATOIN OF THE FAIR LABOR STANDARDS ACT.**

59.     Plaintiffs incorporate and re-aver all facts, allegations and legal citations set forth in Paragraphs 1 – 58 above as if fully set forth herein.

60.     The below "specific mechanisms" by which Defendants denied Plaintiffs pay in violation of the Fair Labor Standards Act are only selected examples to illustrate the most common occurrences affecting the Plaintiffs and do not in any way encompass the specific acts and omissions which harmed each individual Plaintiff.

**A.     HOURLY RATE OF PAY FOR PLAINTIFFS CHANGED BY MAYOR, INCORRECTLY CALCULATED AND PAID**

61.     At all times relevant hereto, all Plaintiffs submitted their Bi-Weekly Time Reports ("time sheets") to the Sheriff's Office for review and approval.

62.     After reviewing and approving Plaintiffs' time sheets, the Sheriff's Office submitted the time sheets to the office of Hardeman County Mayor Sain for payment to Plaintiffs.

63.     Hardeman County Government and/or Mayor Sain did not properly pay the Plaintiffs for the hours worked as submitted on their time sheets.

64.     Under the FLSA, employers are required to pay employees an overtime rate of one and a half times their regular rate for all hours worked in a work week in excess of 40, unless the employee is otherwise exempt from the FLSA's overtime requirement. 29 C.F.R. §778.107

65.     The FLSA allows law enforcement departments the opportunity to pay overtime for law enforcement personnel at 43 hours, under certain circumstances. However, paying law enforcement personnel overtime at 43 hours is not a FLSA requirement.

66.     Even though the Sheriff's Department Personnel Policy manual set forth that overtime would be paid at 43 hours, the consistent practice of Hardeman County Government over the past several years, has been to pay overtime for law enforcement personnel at 40 hours.

67.     On October 1, 2016, Defendant Hardeman County changed its payroll from semi-monthly to bi-weekly. During the years that Hardeman County government was a semi-monthly payroll, Defendant Hardeman County failed, every pay period, to pay Plaintiffs for all hours worked during each pay period, including overtime worked. Hardeman County failed to pay Plaintiffs at their correct overtime rate because Hardeman County did not use Plaintiffs correct hourly rate and/or did not correctly account for all hours worked by Plaintiffs.

68.     All Plaintiffs of Hardeman County Government, through September 30, 2016, were underpaid by Defendants for their hours worked. All Plaintiffs have been intentionally and willfully underpaid by Defendants.

69.     Upon information and belief, Defendant Mayor Sain has intentionally and willfully underpaid Plaintiffs for three years.

70.     When Plaintiffs were hired, they were hired pursuant to an hourly rate of pay.

71.     On March 6, 2019, at the direction of Defendant Mayor Sain, the attorney for Hardeman County, Charles M. Cary, sent an email to the sheriff deputies, jailers and dispatchers advising them that, from that date, they were then salaried county employees, such that their regular hourly pay rate would be determined based upon an annual rate of pay divided by number of hours in 52 work weeks.

72.     The change of Plaintiffs' pay from hourly to salary was made solely at Defendant Mayor Sain's direction and instruction.

73.     Defendant Mayor Sain's decision to change the Sheriff deputies, dispatchers and jailers' pay from hourly to salary is not permitted under the FLSA as the deputy, jailer and dispatchers are non-exempt employees. Further, Defendant Mayor Sain did not follow Tennessee law as cited above to change compensation rates for the Plaintiffs.  This action by Mayor Sain

14

has resulted in the Plaintiffs not being properly compensated for all hours worked and being denied or underpaid as to overtime worked.

74.     These intentional and willful payroll underpayments occurred throughout the statutory period and commenced prior to the 2019 changes in the personnel manuals.

75.     During the course of their employment, many of the Plaintiffs asked Defendant Mayor Sain why they were not being correctly paid for their regular and overtime hours and were told that Defendants were not required to pay overtime to Plaintiffs, and that they would not pay overtime to Plaintiffs even though Defendants were requiring or had knowledge that the Plaintiffs were working in excess of forty (40) hours.

76.      The actual hours submitted, gross wages due, and deficiency in amounts paid are unknown at this time as Defendant Hardeman County Government cannot/will not produce complete copies of the employees' time records.

77.     The actions of Defendant Mayor Sain in arbitrarily changing the terms under which the Plaintiff's regular hourly rate was determined which resulted in a reduction in the hourly wages of Plaintiffs, failing to pay all compensation due to Plaintiffs, and in failing to pay overtime to Plaintiffs for all hours worked by Plaintiffs was intentional, willful and/or knowing conduct which constituted illegal behavior in the workplace for which Defendant Sain is personally liable.

**B.     FAILURE TO PAY DISPATCHERS FOR OVERTIME WORKED**

78.     At all times relevant hereto, Plaintiffs Cheri Baker, Jenny Duke, Crystal Ervin, Lauren Hampton, Jackie Kelley, Pearlie Long, Martha Lowrance, Toni Pierce, Cathie Sprayberry, Martha Jane Vickers and Alisha Young were dispatchers and employees of Hardeman County Government in the Sheriff's Department as defined by T.C.A. §5-23-102(2)

and as defined under the Federal Fair Labor Standards Act (29 U.S.C. 201 et. seq.)

79.     Prior to October 1, 2016, Hardeman County Government's pay period was semi-monthly and during this time Hardeman County Government incorrectly calculated and incorrectly paid every dispatcher every pay period.

80.     Full time semi-monthly employees are paid for 86.6 hours each payday as their regular pay. During the time that Hardeman County Government was semi-monthly the dispatchers regular pay hours ranged from 89 hours to 96 hours per payday.

81.     Because the employer, Hardeman County Government, used incorrect hours, the dispatchers were not paid for all overtime worked for every pay period worked.

82.     After October 1, 2016, Plaintiff dispatchers were paid every two weeks with funds deposited by Defendant Hardeman County Government into their respective bank accounts by "direct deposit." and provided with a direct deposit pay slip from Defendant.

83.     At all times relevant hereto, Defendants regularly held and/or exercised the authority to control the finances and operations of the Hardeman County dispatchers.

84.     Defendants are employers of all Plaintiff Dispatchers as defined by 29 U.S.C. 201, *et seq.*

85.     Pursuant to 29 C.F.R. §791.2, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to entire employment for all Plaintiff Dispatchers for each particular workweek.

86.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed by law enforcement personnel in excess of forty (40) hours per week.

Employees who are employed as dispatchers, provide law enforcement dispatch and communications to/between police officers, firefighters, and public safety personnel and are to be compensated at a rate of not less than one and one-half times the regular rate of pay in excess of forty (40) hours per week.

87.     Up to March 2019, Plaintiff dispatchers worked a two week schedule wherein they worked one week of forty-eight (48) to fifty-five (55) hours and one week of thirty-two (32) to thirty-six hours (36). Even though the dispatchers worked 80 or more hours each pay period, with eight (8) to fifteen (15) hours being overtime, Defendants paid them for only 80 hours at regular pay.

88.     This practice of having the dispatchers work one forty-eight (48) to fifty-five (55) hour week each pay period and not compensating them for this overtime has gone on for years.

89.     This practice continues today even though the original complaint, *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106, was filed over two years ago.

90.     When Plaintiff dispatchers worked more than forty (40) hours during a week, Defendants did not compensate Plaintiffs at a rate of "one and one-half times the regular rate at which [the Plaintiffs were] actually employed" for the first forty (40) hours of work in violation of the FLSA. *See* C.F.R. § 778.107.

91.     As such, Plaintiff dispatchers have not been compensated for all compensable overtime worked.

92.     In approximately March 2019, the Dispatchers were told by Captain Wilton Cleveland that they could no longer work a forty-eight (48) thirty-six (36) hour schedule. Captain Cleveland explained to the dispatchers that Hardeman County had been in violation of the FLSA and had failed to pay them overtime for the week when they worked forty-eight (48)

hours.

93.     During March 2019, following the change of the work schedule, Hardeman County supervisor over dispatchers, Dana Knight, warned the dispatchers that if any of them ever reported the failure of Hardeman County to pay the required overtime, they would be fired.

94.     During some pay periods the dispatchers would work more than eighty (80) hours but would only be paid for eighty (80).

95.     During the applicable statutory period, Defendants have repeatedly refused to pay Plaintiff dispatchers for the overtime they worked and have also incorrectly calculated their pay.

96.     When Plaintiff dispatchers worked more than forty (40) hours during a week, Defendants did not compensate them at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* C.F.R. § 778.107.

97.     At various times, Plaintiff dispatchers were required to work in excess of the maximum hours per week and were to receive compensatory time in lieu of overtime pay.

98.     In many instances Hardeman County Government has failed to give employees any compensatory time earned by the employee for that pay period.

99.     As such, Plaintiff dispatchers have not been compensated for all compensable overtime spent working.

100.    Defendant's intentional failure to pay Plaintiff dispatchers overtime wages are willful violations of the FLSA.

101.    The exact amount of unpaid overtime compensation owed to Plaintiff dispatchers is not presently known to Plaintiffs as Defendant Hardeman County Government cannot or will not produce all of Plaintiffs time records.

### C.  FAILURE OF DEFENDANTS TO PAY ACCRUED COMPENSATORY, VACATION AND HOLIDAY TIME AT TERMINATION OF EMPLOYMENT

102.    Plaintiffs performed public safety services which often required them to work past their regularly scheduled hours based upon the staffing of and personnel available to the Department and upon the public activities which required the services of the Plaintiffs.

103.    Plaintiffs were required by Defendants to accept compensatory time off in lieu of cash payment for overtime hours worked.

104.    In many instances Plaintiffs worked overtime and were to receive compensatory time in lieu of cash payment, however Hardeman County Government failed to record the earned compensatory time to be received by the employee resulting in the employee not receiving any compensation for overtime worked.

105.    Because of the short staffing in the Sheriffs' Department, due to the County Commission and Mayor's failure to provide funding adequate for the Sheriff to properly staff his office, Plaintiffs were often denied the opportunity to use their accumulated compensatory time off, resulting in some Plaintiffs accumulating more than the number of compensatory hours permitted under 29 C.F.R. §553.24.

106.    Plaintiffs were not provided any documentation confirming their accrued and used compensatory, sick, vacation or holiday time from Defendant Hardeman County Government.

107.    FLSA sets forth that employees of a county may receive compensatory time off in lieu of overtime compensation pursuant to an agreement or understanding with the employee. Like overtime pay, compensatory time accrues at the rate of one and one-half hours for all hours worked in a workweek in excess of 40 hours for which overtime compensation is required.

108.    Under certain prescribed conditions, a State or local government agency may give

compensatory time, at a rate of not less than one and one-half hour for each overtime hour worked, in lieu of cash overtime compensation. Employees engaged in police and fire protection work may accrue up to 480 hours of compensatory time pursuant to the FLSA.

109.    The FLSA further sets forth that at the time of termination of employment, an employee who has accrued compensatory time, must be paid the higher of (1) his or her final regular rate of pay or (2) the average regular rate the employee received during the last three years of employment.

110.    Defendants required, as a condition of employment, that each employee agree to accept compensatory time in lieu of being paid overtime compensation. Plaintiffs did not voluntarily agree to accept compensatory time in lieu of being paid for overtime worked.

111.    In many instances, Defendants required all Plaintiffs to take compensatory time in lieu of overtime pay.

112.    In the instances when Defendant Hardeman County did give the employee compensatory time, Hardeman County Government incorrectly calculated compensatory time, as Defendants calculated compensatory time at the rate of hour for hour worked rather than at 1.5 per hour as required by FLSA.

113.    The FLSA sets forth that an employee must be permitted to use compensatory time on the date requested unless doing so would "unduly disrupt" the operation of the agency. However, the Hardeman County Defendants had a habit and practice of refusing to allow Plaintiffs to use any accrued compensatory time.

114.    Defendants, failed to properly calculate compensatory time for their employees because they either didn't record the overtime worked or incorrectly calculated compensatory time at an hour for hour rate.

115.    The Sheriff's Department personnel policy sets forth that all unused accrued compensatory time, vacation time and holiday time will be paid at the time the employee ends their employment with Defendants

116.    For many years it has been the consistent practice of Hardeman County Government to hold all compensatory time until termination/resignation/retirement of employee and then to pay the accrued time to the employee. This practice has been followed up to 2018.

117.    In 2018, Defendant Mayor Sain made the decision to no longer pay deputy, jailer, and dispatcher employees for their accrued compensatory, vacation and holiday time at the time of termination of employment.

118.    It has been the consistent practice of Defendants to carry over all unused vacation and holiday time and to pay all accrued vacation and holiday time at time of ending of employment.

119.    Plaintiffs Jenny Duke, Crystal Ervin, Lauren Hampton, Martha Lowrance, Cody Naylor, Toni Pierce and Jane Vickers each have accrued compensatory time, vacation time and holiday time which was owed to them at the time of their termination of employment with Hardeman County Government.

120.    Defendant Hardeman County has willfully and intentionally refused to pay Plaintiffs Crystal Ervin, Lauren Hampton, Martha Lowrance, Cody Naylor, Toni Pierce and Jane Vickers for their accrued compensatory time, vacation time and holiday time at the time of their termination of employment with Defendant.

121.    Defendant Hardeman County Government failed to pay Jenny Duke for all of her accrued time at the time she resigned in 2018.

122.    Defendant Hardeman County's refusal to pay the accrued compensatory, vacation

and holiday time owed to these Plaintiffs at the time their employment ended is willful and intentional violation of FLSA.

123.    At some point in the summer of 2020, Hardeman County Government determined that it could pay accrued time of employees at the cessation of their employment, provided that the employee was not a member of "the lawsuit" case number 1:19-cv-01106.

124.    Various Plaintiffs have asked Defendant Mayor Sain about their accrued compensatory time and have been told that this will not be paid.

125.    Every Plaintiff has accrued compensatory time which should now be paid to them, with interest and penalties.

126.    Defendant Hardeman County, as covered employer, must make, keep and preserve payroll related records as described by regulations 29 C.F.R. § 516.

127.    Defendant has not kept accurate records as to accrued compensatory time.

128.    Pursuant to 29 C.F.R. 553.25(b):

> Compensatory time cannot be used as a means to avoid statutory overtime compensation.  An employee has the right to use compensatory time earned and must not be coerced to accept more compensatory time than an employer can realistically and in good faith expect to be able to grant within a reasonable time period of his or her making a request for use of such time.

129.    The actual hours submitted, gross wages due, and shortage in amounts paid will be calculated after all time and payroll records have been collected in discovery.

### D.    FAILURE TO PAY EMPLOYEES FOR OFF-THE-CLOCK WORK

### 1.    DEPUTY SHERIFF'S ALLEN, BRYANT NAYLOR and PERRY

130.    Hardeman County Sheriff deputies are required to document all incidents and accidents that occur, in which they are involved, during their shift.

131.    The Sheriff's Department has had a policy that deputy sheriffs must complete all

paperwork, incident reports, accident reports they have "worked" during their shift, before leaving the Sheriff's Department at the end of their shift.

132.    Because of the thin staffing in the Sheriff's Department, Plaintiff deputy sheriffs, typically, were unable to prepare their incident reports and accident reports until the end of their shift. This resulted in the deputy sheriffs having to work longer than their normal shift; however, they were not allowed to include this overtime on their timesheet.

133.    The Hardeman County Sheriff's Department requirement that all accident and incident reports be completed before the deputy left for the day without documenting the additional time required to do so, has resulted in Plaintiffs Brandon Allen, Justin Bryant, Cody Naylor and Patrick Perry having worked off the clock without pay.

134.    Plaintiff Allen has incurred off the clock time for which they have not been paid by Defendants.

135.    Plaintiff Deputy Allen was required to attend pre-shift and post-shift briefings, and pre-shift "prep time", 15 to 30 minutes prior to the beginning of his shift, throughout his employment with Defendant Hardeman County Government.

136.    The additional undocumented hours from attending the "shift briefings" resulted in unpaid non-overtime hours and overtime hours worked in one or more weeks.

137.    Plaintiff Allen is entitled to be paid for his off the clock work for every shift he worked during the applicable time period up to September 2019.

138.    Defendant's requirement that Plaintiff Allen begin work 15 to 30 minutes prior to the start of his shift was willful, intentional and in violation of the FLSA.

139.    Defendant's intentional failure to pay Plaintiff Allen for all time worked has resulted in Plaintiff Allen having been denied or incorrectly paid overtime.

140.   The exact amount of unpaid overtime compensation owed to Plaintiff Allen is not presently known to Plaintiff but will be determined through discovery.

### 2.   SHERIFF INVESTIGATORS

141.   Plaintiff investigators Brandon Allen, Justin Bryant, Cody Naylor and Patrick Perry were told by Chief Deputy William "Billy" Davis that investigators were exempt from overtime pay and that they did not pay overtime.

142.   The policy of not paying overtime to investigators was made/determined by Defendant Mayor Sain and impressed upon Chief Deputy Davis to follow, which he did.

143.   Chief Deputy Davis was the supervisor in charge of the sheriff's office and he made it clear to the investigators that the Sheriff's department did not pay overtime.

144.   As investigators, Plaintiffs Allen, Bryant, Naylor and Perry have routinely worked far more than forty (40) hours per week.

145.   Plaintiffs Allen, Bryant, Naylor and Perry, when investigating an act or event, must continue working the investigation even though their shift may have ended.

146.   Plaintiffs Allen, Bryant, Naylor and Perry have not been compensated for all time spent performing their investigation duties for the Sheriff's Department after their shift ended.

147.   Chief Deputy Davis and Defendant Hardeman County Government were aware and had knowledge that Plaintiffs Allen, Bryant, Naylor and Perry were working off the clock in excess of forty (40) hours per week.

148.   During the applicable statutory period, Defendants required Plaintiffs Allen, Bryant, Naylor and Perry, on a regular and repeated basis, to work more than forty (40) hours per week without overtime compensation and/or incorrectly calculated their overtime pay resulting in their not being correctly compensated for their overtime.

149.    The times when Plaintiffs Allen, Bryant, Naylor and Perry were paid overtime by defendants, it was in the form of compensatory time. However, Defendants did not compensate Plaintiffs at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* C.F.R. § 778.107.

150.    As such, Plaintiffs Allen, Bryant, Naylor and Perry have not been compensated for all compensable overtime spent working.

151.    Defendant's intentional failure to pay Plaintiffs Allen, Bryant, Naylor and Perry for all other overtime wages is willful, intentional and in violation of the FLSA.

152.    The exact amount of unpaid overtime compensation owed to Plaintiffs Allen, Bryant, Naylor and Perry is not presently known to Plaintiffs, but will be determined through discovery.

### 3.    DISPATCHERS

153.    At all times relevant hereto, Plaintiff Dispatchers, Cheri Baker, Jenny Duke, Crystal Ervin, Lauren Hampton, Jackie Kelley, Pearlie Long, Martha Lowrance, Toni Pierce, Cathie Sprayberry, Martha Jane Vickers and Alisha Young, were required by Defendants to work off the clock and therefore have not been properly compensated for all work performed by them.

154.    Plaintiff Dispatchers were required to be at their station and assume their post 15 to 30 minutes prior to the beginning of their shift.

155.     Plaintiff Dispatchers were to have already taken over the headset, signed into their computer, and been briefed by the person they were relieving as to events from the previous shift. This was to be completed during the 15 to 30 minutes prior to the beginning of their shift.

156.    Plaintiff Dispatchers were not and have not been paid for this off the clock work.

157.     Each Dispatcher is entitled to be paid for this off the clock work for every shift they worked during the applicable time period.

158.     Defendant's intentional failure to pay Plaintiff dispatchers for all time worked has resulted in Plaintiff dispatchers having been denied or incorrectly paid overtime. Defendants requirement that Plaintiff dispatchers began work 15 to 30 minutes prior to the start of their shift was willful, intentional and in violation of the FLSA.

159.     The exact amount of unpaid overtime compensation owed to Plaintiff dispatchers is not presently known to Plaintiffs, but will be determined through discovery.

### III.     VIOLATION OF THE TENNESSEE PUBLIC PROTECTION ACT T.C.A. §50-2-103(h) AND RETALIATION BY DEFENDANT JIMMY SAIN IN VIOLATION OF FLSA 29 U.S.C. §215.

160.     Plaintiffs incorporate and re-aver all facts, allegations and legal citations set forth in Paragraphs 1 – 159 above as if fully set forth herein.

161.     Plaintiff Patrick Perry has been recognized as the "lead" Plaintiff in the *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106 lawsuit, and as such, Defendant Sain has blamed Perry for the lawsuit. Mayor Sain has  taken retaliatory actions against all Plaintiffs, in various forms, however, he has taken great efforts to retaliate against Plaintiff Perry.

162.     Following the filing of *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106 lawsuit, Defendant Sain has conducted a pattern of retaliation as to Plaintiffs Brandon Allen, Cheri Baker, Justin Bryant, Jenny Duke, Crystal Ervin, Lauren Hampton, Jackie Kelley, Pearlie Long, Martha Lowrance, Cody Naylor, Patrick Perry, Toni Pierce, Cathie Sprayberry, Martha Jane Vickers and Alisha Young, as well as other county employees who are plaintiffs in this lawsuit.

163.    In 2018 the Hardeman County District Attorney's office requested that Plaintiff Perry attend the ROCIC (Regional Organized Crime Information Center) Homicide Investigation Conference in 2018, which he attended. Plaintiff Perry was told by the District Attorney that the ROCIC conference would enhance and further his investigative skills which in turn would benefit the prosecutors' office in obtaining more criminal convictions.

164.    In June 2019, after the filing of *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106, Plaintiff Perry requested authorization from Sheriff Doolen to attend the fall 2019 ROCIC Homicide Investigation Conference. Sheriff Doolen immediately authorized Plaintiff Perry to attend the conference to be held September 8-11, 2019, in Little Rock Arkansas.

165.    The Hardeman County Sheriff's Department had/has in its budget an amount set specifically for officers training and attending conferences/seminars, such as this. Further, at the time that the request was made, there was adequate money in the Sheriff's budget to cover this expense.

166.    Upon being authorized by Sheriff Doolen to attend the homicide conference, Plaintiff Perry submitted the necessary information to Mayor Sain's office for payment of the conference fees. During July and August 2019, Plaintiff Perry contacted the mayor's office regarding payment of the conference fees and was told each time that Defendant Sain had not approved his attending.

167.    Mayor Sain exerts control over the Sheriff's office, even though the Sheriff's Office is its own independent department, by requiring all checks be written by his (the Mayor's) office thus allowing him (Sain) to override the Sheriff's decisions relating to the Sheriff's office.

168.     In September 2019, right before the Conference, Defendant Sain formally denied Plaintiff Perry's request to attend the homicide conference even though Sheriff Doolen had approved Perry's attending and there was adequate money in the Sheriff's budget to pay the costs.

169.     Sain never gave an explanation as to why he refused to pay for Plaintiff Perry's attending the conference. Clearly, the only reason was in retaliation for Perry having brought the initial lawsuit case number 1:19-cv-01106.

170.     On or about September 13, 2019, Plaintiff Patrick Perry, was promoted to captain and was given a pay raise by Sheriff Doolen, effective immediately. At that same time, Plaintiff Brandon Allen and James Graham were promoted to investigator and were also given a pay raise by Sheriff Doolen.

171.     Defendant Jimmy Sain rejected Plaintiff Perry and Allen's pay raise and has continued to refuse to pay the raise to Plaintiff Perry and Allen. James Graham, at that time was not a member of the *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106 lawsuit, and he timely received his promised raise in October 2019.

172.     In 2019 Sheriff Doolin, filed suit against Mayor Sain alleging that Mayor Sain and the County Commission were not adequately funding the Sheriff's Department. Following trial, the court ruled that Hardeman County deputies, including Plaintiff Perry were to receive a raise. While others have received their raises, Mayor Sain has refused to pay Plaintiff Perry his raise.

173.     In late November 2019, Defendant Sain reduced Plaintiff Perry's per diem pay for his attending an authorized criminal justice conference between November 3 -8, 2019. Defendant

Sain has not fully reimbursed Plaintiff Perry for Perry's authorized expenses incurred while attending this conference.

174.     Defendant Sain has besmirched the good name and reputation of Plaintiff Perry to the public in general, to the Dispatchers during meetings with them and to the Hardeman County Commission. Likewise, Defendant Sain has repeatedly called for Plaintiff Perry to be fired.

175.     In the Summer of 2020, Plaintiff Perry applied to the TBI to attend the State Academy. Sheriff Doolen supported Plaintiff Perry applying for the Academy and advised that the Sheriff's Office would pay his tuition as the Sheriff's budget has funds for this exact type of expense.

176.     Upon hearing that Plaintiff Perry had applied to the State Academy, Mayor Sain personally called the TBI and advised the TBI that Hardeman County was a distressed county and could not afford to pay for Plaintiff Perry attending the Academy. (The Sheriff's Department had a budget line item for conferences etc. that would have paid for this attendance.)

177.     After speaking with the TBI, Mayor Sain then denied Plaintiff Perry's request for the Mayor's office to forward the payment to the TBI.

178.     There was no reason for Mayor Sain to try and thwart Plaintiff Perry from being able to attend the State Academy, other than retaliation.

179.     The TBI circumvented Mayor Sain by calling Plaintiff Perry and awarding him a scholarship for him to attend the Academy.

180.     During the Summer of 2019, Mayor Sain was aware that Hardeman County Sheriffs Department received various grants from State and Federal agencies regarding crime prevention and fighting crime. One such contractual relationship was with the FBI. The

agreement sets forth that deputies Bryant and Naylor would be paid overtime for any hours worked over forty.

181.    The Agreement with the FBI sets forth that Hardeman County will pay the deputies for the hours worked on FBI matters, including overtime for hours worked over 40. The FBI then reimburses the County for what was paid to Bryant, Naylor and Greg Moore.

182.    In the summer of 2019, Mayor Sain refused to pay Bryant, Moore and Naylor for their hours worked on FBI matters, including overtime. Sain has told the community that there was a paper filing mistake on the part of the Sheriff's office, which was not true.

183.    Sain refused to pay the plaintiff deputies for all hours worked. In August 2019, after deciding to pay Plaintiffs Bryant and Naylor, rather than contacting the deputies directly and advising that he had their checks, Mayor Sain sent a message to Deputy Bryant's mother on Facebook and a message to Deputy Naylor's father, instructing the parents to tell the deputies to "come see me" Mayor Sain so that he could pay them.

184.    As retaliation for their having filed the lawsuit, case number 1:19-cv-01106, Sain required the deputy employees to chase him around town for several days, to get paid.

185.    Mayor Sain has used the Sheriffs budget as a way to punish and retaliate against the sheriff department employees. Sain refuses to allow Sheriff Doolen to adequately staff his departments and to adequately budget for overtime.

186.    In January 2020, Mayor Sain stated that the Hardeman County Government, would no longer pay overtime, in direct violation of the FLSA.

187.    Beginning with the second pay period in January 2020, Mayor Sain did not pay the overtime that was worked and authorized by the Sheriff's department for several months.

188.    Defendant Sain is aware and has knowledge that the FLSA requires the employer to pay overtime to the employee in the very next pay check.

189.    Mayor Sain intentionally and willfully violated the FLSA in retaliating against the Plaintiffs by not timely paying them their owed overtime.

190.    Defendant Hardeman County and Mayor Sain do not keep the Sheriff's Office updated as to the amount of overtime currently in the overtime budget.

191.    In the past few months Mayor Sain has not paid Plaintiffs Cody Naylor and Patrick Perry, in their "next pay check" for overtime worked, claiming that there was not enough money in the overtime budget line item to cover all overtime.

192.    Mayor Sain's offer of explanation is that, rather than entering a budget amendment to cover overtime, he decided to pay overtime in alphabetical order until the funds ran out.

193.    Plaintiffs Naylor and Perry are being singled out in retaliation for their being "original" members in the *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106, lawsuit.

194.    Following the filing of *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106, Mayor Sain has gone to great lengths to intimidate, scare and bully the dispatchers. Initially, Plaintiff Cheri Baker was the only dispatch plaintiff and Mayor Sain would not let her attend dispatch meetings. Dana Knight refused to allow Plaintiff Baker to attend meetings, even though the meetings were about her job, because Mayor Sain said Baker could not attend any meetings because she was "in the lawsuit."

195.    After Mayor Sain learned that Plaintiff Pearlie Long had joined "the lawsuit" he would contact her and tell her that she had to get out of the lawsuit. Even though Sain knew

Plaintiff Long was represented by counsel, he intentionally and purposefully contacted Plaintiff Long to try and coerce her into dropping out of the lawsuit.

196.     Mayor Sain purposefully and intentionally lied and mislead Plaintiff Long by telling her that she did not have to be in the lawsuit because, if the Court ruled in favor of the plaintiffs, and ordered him to pay the employees their owed back wages, then he would have to pay everyone (including all employees not in the lawsuit). Sain knew that this was not true and intentionally misled the employees.

197.     Mayor Sain has personally contacted other employees, some members of the lawsuit, telling them lies about wage and hour law and how they would be paid following conclusion of the lawsuit. Further, Mayor Sain is aware that his comments are out right untrue. However, they are made intentionally and willfully by him to mislead the employees. A practice that he continues to do at the time of filing this lawsuit.

198.     The dispatchers are under the control and supervision of Sheriff Doolen. Further, Sheriff Doolen is responsible for hiring and firing all dispatchers.

199.     In November 2019, Plaintiff Dispatchers were told by Sheriff Doolen that they were receiving a pay raise and that the raise would be on their next pay check.

200.     Defendant Jimmy Sain told the dispatchers that he would not approve nor pay the pay raise.

201.     Since the filing of *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106 ("the lawsuit") Mayor Sain has told the dispatchers, on several occasions, that once the lawsuit is over, he is going to sue every individual who is in the lawsuit.

202.     Mayor Sain has told the dispatchers that he will fire all dispatchers who remain in "the lawsuit".

203.    Defendant Sain has further retaliated against Plaintiffs by not paying them for their accrued time at the time their employment with Hardeman County Government ends. Plaintiffs Ervin, Hampton, Lowrance, Naylor, Pierce and Vickers have each ended their employment with Hardeman County since the filing of case number 1:19-cv-01106, and Sain has refused to pay them for their accrued time.

204.    Initially, in November 2018, Sain advised that Hardeman County Government was told by the Tennessee Comptroller that it could not pay any accrued time. Since that time, Hardeman County Government does pay the accrued time of employees at the time their employment ends, provided that they are not a member of "the lawsuit."

205.    The Hardeman County employees who did not join "the lawsuit" case number 1:19-cv-01106, are now paid for their accrued time at the time they cease employment with Hardeman County.

206.    Those Hardeman County employees who are members of "the lawsuit" are retaliated against by Sain by not having their accrued time paid.

207.    Following the filing of case number 1:19-cv-01106, Mayor Sain has stepped up his efforts to take control of the Hardeman County Emergency Communications District ("District") and to remove the dispatchers from Sheriff Doolens control and place them under his direction and control so that he can fire them.

208.    In May 2020, Mayor Sain told the dispatchers that the "District" would be up and running on July 1, 2020 and that every dispatcher would be fired.

209.    Even though Mayor Sain did not have the requisite licensing to open 9-1-1 under the District, he still put forth great effort to try and have the county commission remove the dispatchers from under Sheriff Doolen's control.

210.    In May and June 2020, Mayor Sain advised the dispatchers that they would be fired prior to July 1, 2020.

211.    Even though there is a contract in place between the District, the 9-1-1 Board and Sheriff Doolen regarding law enforcement dispatch, Mayor Sain continues to tell the dispatchers that he is firing them and will run dispatch through the 9-1-1 District. Further, that they will not be hired by the District as dispatchers.

212.    On May 27, 2021, Sheriff Doolen told the dispatchers that he was giving them a raise in an effort to make their pay equal to the jailers. Upon learning this, Mayor Sain told Sheriff Doolen that the raises would not be approved by the Mayors office and denied the raises. Further Mayor Sain told Sheriff Doolen that he was taking over dispatch on June 30, 2021 and that on that day he would be sending letters of termination to each dispatcher.

213.    The dispatchers have been told by Sain they they will be fired on June 30, 2021 and that they will not be hired by the 9-1-1 District as dispatchers. This is being done by Sain in retaliation for the dispatchers being members of case number 1:19-cv-01106 lawsuit.

214.    At this moment Mayor Sain is continuing to intimidate and retaliate against the dispatchers by making it public that he is firing the dispatchers on June 30, 2021 and that he will be running dispatch calls through the 9-1-1 Board.

215.    At this time, Plaintiff Dispatchers have not received any raise.

216.    During the summer of 2020, Plaintiff Dispatchers were told that there would be a change in their employment as dispatchers and that they will become employees of a separate entity.

217.    The Plaintiff Dispatchers have recently been told that they will have to reapply for their current jobs with the "new" entity employer.

218.     During "meetings" with the Dispatchers, and in private conversations, Defendant Sain has commented numerous times that the Dispatchers who are members of this lawsuit will have a very hard time keeping their job when they have to reapply.

219.     The true reason for Defendant Sains' retaliation as to Plaintiff Perry and the other named Plaintiffs, is due to the fact that Plaintiffs have complained about and sought enforcement of their rights under the FLSA.

220.     There is a direct causal connection between Plaintiffs' complaint and the retaliation by Defendant Sain.

221.     Plaintiffs have retained the Sessions Law Firm, PLLC and attorneys William C. Sessions and Frances Hildebrand Sessions to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION

1.     As a result of their actions and the conduct described above, Defendants have violated Title 29 U.S.C. §206 and §207 from at least September 2010 through the date of filing suit, in that:

    a.  Plaintiffs worked in excess of forty (40) and/or forty (43) hours per week for the period of employment with Defendants;

    b.  No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs for overtime wages, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA;

    c.  No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs for minimum wages for every hour worked; and

    d.  Defendants have failed to maintain proper time records as mandated by the FLSA.

2.     As a result of their actions and the conduct described above, Defendant Jimmy Sain, individually and as Mayor of Hardeman County, has violated Title 29 U.S.C. §215 from

the filing of the original lawsuit, *Perry et. al. v. Hardeman County et. al.* case number 1:19-cv-01106, through the present, by taking retaliatory actions against Plaintiffs.

3.        At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § § 201 *et. seq.*

4.        The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

5.        Defendants are unable to bear their "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds; 29 U.S.C. § 216(b); 29 U.S.C. § 260.

6.        Defendants have failed to properly disclose or apprise Plaintiffs of their rights under FLSA.

7.        Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) or forty-three (43) hours per week, plus liquidated damages.

8.        Defendants have been unjustly enriched as a result of accepting the work of Plaintiffs without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of Plaintiffs work without proper compensation.

9.        Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant

to 29 U.S.C. §216(b).

10.    Plaintiffs are entitled to an award of punitive damages pursuant to 29 U.S.C. §215(a).

11.    Plaintiffs demand a jury.

12.    Plaintiffs bring the following claims against Defendants:

   A.    Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938; and

   B.    Unjust enrichment/Quantum Meriut/Breach of Contract.


WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

A.    Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

B.    Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) or forty-three (43) hours per week;

C.    Judgment against Defendants that its violations of the FLSA were willful;

D.    Awarding Plaintiffs liquidated damages in an amount equal to overtime award;

E.    Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

F.    Awarding Plaintiffs pre and post-judgment interests;

G.    Awarding Plaintiffs all damages to include back pay and front pay that are available to them under the law;

H.      Granting leave to add additional plaintiffs by motion or any other method approved by the Court;

I.       An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

J.       For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.


PLAINTIFFS DEMAND A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 8th day of June, 2021.


SESSIONS LAW FIRM, PLLC.

By:      /s/ William C. Sessions
          William C. Sessions, III (TN #15017)
          Frances Hildebrand Sessions (TN #16896)
          *Attorneys for Plaintiffs*
          8756 Chaffee Road, P.O. Box 331
          Brunswick, Tennessee 38014
          (901) 848-9654

          Wsessions@SessionsLawPllc.com
          Bsessions@SessionsLawPllc.com